UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT A. BLAZER,<br><br>    Plaintiff,<br><br> vs.<br><br>ROBERT DOOLEY, Warden, in his individual and official capacity;<br>DIRECTOR OF PRISON INDUSTRIES, Director of Prison Industries at Mike Durfee State Prison, individual and official capacity;<br>DENNY KAEMINGK, Secretary of Corrections, in his individual and official capacity; and<br>VERNON ISHMAEL, Supervisor at Housing Project at Mike Durfee State Prison, in his individual and official capacity;<br><br>    Defendants. | 4:17-CV-04045-KES<br><br><br>ORDER DISMISSING COMPLAINT AND DENYING MOTION TO APPOINT COUNSEL OR AMEND COMPLAINT |

**INTRODUCTION**

Plaintiff, Robert A. Blazer, was formerly an inmate at the Mike Durfee State Prison (MDSP) in Springfield, South Dakota. While still incarcerated at MDSP, he filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 (Docket 1) and moved to appoint counsel or amend his complaint (Docket 19). The court has now screened Mr. Blazer's complaint under 28 U.S.C. § 1915A and dismisses Mr. Blazer's complaint.

## FACTUAL BACKGROUND

Blazer's complaint generally concerns alleged violations of his federal constitutional and statutory rights at the MDSP. The facts as Blazer alleged are as follows:

Blazer worked at the Housing Project at MDSP. Docket 1 at 4. He fell off a faulty, non-OSHA approved ladder and was injured. *Id.* The fall re-aggravated a previous shoulder and back injury and caused neck pain, headaches, and dizzy spells. *Id.*

A doctor and nurse prescribed different, conflicting treatment regarding a cane. *Id.* at 5. A nurse yelled at Blazer in front of other inmates. A nurse also carried out the doctor's duties. A nurse wrote Blazer up. As a result of this treatment, Blazer suffered emotional trauma and distress. *Id.*

Unit Coordinator Archambeau and Unit Manager Laine Schryvers disregarded, lost, or handed back Blazer's kites and complaints about the unprofessionalism of the doctor and nurse at MDSP. *Id.* at 6. Unit Coordinator Archambeau's wife is a nurse at the MDSP and this relationship created a conflict of interest. *Id.* Blazer was not allowed to complete the full grievance process and the process extended past thirty days. *Id.* Blazer's grievances were not advanced to the warden. Blazer kited Warden Dooley and Secretary Kaemingk. As a result of this treatment, Blazer suffered emotional trauma and distress. *Id.*

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. D*avis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

28 U.S.C. § 1915A requires the court to screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." § 1915A(b).

**DISCUSSION**

I. **Mootness**

In addition to seeking money damages for an alleged Americans with Disabilities Act (ADA) violation, Blazer requested injunctive relief. Specifically, Blazer seeks an order from this court ordering defendants to provide copies of Blazer's grievances and remedies, ordering unit coordinators and unit managers to cite to Department of Correction policy in responding to grievances, and ordering medical staff to provide proper medical services. Docket 1 at 7. Blazer also seeks an order from this court ordering Kaemingk and Dooley to respond to grievances and letters from all prisoners. *Id.*

The Eighth Circuit has stated that once a prisoner is released from incarceration, his or her request for injunctive relief is rendered moot. *See, e.g., Martin,* 780 F.2d at 1337; *Smith v. Boyd,* 945 F.2d 1041, 1043 (8th Cir. 1991). Blazer informed the court of his new address that shows that he is no longer incarcerated. Docket 21. Because Blazer is no longer incarcerated, his claims for injunctive relief are rendered moot.

II. **ADA Claim**

Blazer seeks money damages for alleged ADA violations. "The ADA consists of three titles addressing discrimination against the disabled in different contexts." *Gorman v. Bartch,* 152 F.3d 907, 911 (8th Cir. 1998). "Title I prohibits employment discrimination, Title II prohibits discrimination in the services of public entities, and Title III prohibits discrimination by public

4

accommodations involved in interstate commerce such as hotels, restaurants, and privately operated transportation services[.]" *Id.* (citing 42 U.S.C. §§ 12112, 12132, 12182, 12184).

Blazer does not indicate which title provides the cause of action for his claims. But he is not an employee of the state, and the prison is not a private entity. Therefore, the court construes Blazer's claims as proceeding under Title II of the ADA. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) ("State prisons fall squarely within the [Title II] statutory definition of 'public entity,' which includes 'any department, agency, special purpose district, or other instrumentality of a State or States or local government' ") (citing 42 U.S.C. § 12131(1)(B)).

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *Mason v. Corr. Med. Servs., Inc.*, 559 F.3d 880, 886 (8th Cir. 2009). In order to sufficiently allege that defendants violated Title II of the ADA, Blazer must allege:

> (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the [prison's] services, programs, or activities, or was otherwise subjected to discrimination by the [prison]; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability.

*Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010).

Blazer alleges that he is protected under the ADA, because he is disabled and receives social security. *Id.* at 4. Blazer claims he was not allowed to return to work at MDSP housing project. *Id.* He claims that the reason he was not allowed to return to the housing project was because of his fall, not his disability. *Id.* To state an ADA claim, Blazer must show that the denial was "by reason of his disability." *Baribeau*, 596 F.3d at 484. Thus, he fails to state a claim upon which relief may be granted, and his claim is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### III.  Motion to Appoint Counsel

Blazer moves to appoint counsel, or if denied, to amend his complaint. Docket 19. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* Blazer's claims are not complex, and he appears able to adequately present his § 1983 claims at this time. Thus, his motion to appoint counsel is denied.

### IV.  Motion to Amend

"A decision whether to allow a party to amend [his] complaint is left to the sound discretion of the district court . . . ." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citations omitted). "A party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R.

6

Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Motions to amend should be freely given in order to promote justice but may be denied when such an amendment would be futile. *Plymouth Cty. v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014).

Blazer's motion is denied because it is futile. Blazer's only claim for relief not rendered moot by his release from incarceration fails to state a claim upon which relief be granted. Therefore, Blazer's motion to amend his complaint is denied.

Thus, it is ORDERED

1. Blazer's complaint (Docket 1) is dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).
2. Blazer's motion to appoint counsel or amend his complaint (Docket 19) is denied.

DATED this 17th day of January, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE